**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**ORSINI ECHEVARRIA, et als.,**
**Plaintiffs**

**v.**                                                                                          **CIVIL NO. 03-2381(DRD)**

**COMMONWEALTH OF**
**PUERTO RICO, et als,**
**Defendants**

## ORDER

On October 4, 2005, the undersigned issued plaintiffs an Order to Show Cause as to why the instant case should not be dismissed as a result of plaintiff's failure to evidence that the defendants were served within the one hundred and twenty (120) days term provided by Fed.R.Civ.P. 4(m). (Docket No. 2). Plaintiffs were specifically forewarned, as required by the Rule, that failure to evidence compliance with Rule 4(m) could result in the dismissal without prejudice of the instant claim. Finally, plaintiffs were provided a final term to comply with the Court's order and were further forewarned that any requests for extensions of time would be summarily denied. As of today, plaintiffs have failed to comply with the Court's clearly communicated management order. For the reasons stated herein, the Court hereby **DISMISSES** plaintiffs' claims against the defendants **WITH PREJUDICE**.

"[I]t has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 2132 (1991)(citations omitted). Those inherent powers to sanction parties for litigation abuses include the power to "act *sua sponte* to dismiss a suit for failure to prosecute." Id., at 44.[1] This rule has its basis on the principle that "[a]ttorneys represent clients, and as a general rule an attorney's blunder binds her client." See Link v. Wabash R. Co., 370 U.S. 626, 633-36, 82 S.Ct. 1386, 1390-92 (1962); Thibeault v. Square D Co., 960 F.2d 239, 246 (1st Cir.1992).

In the case at bar, plaintiffs have failed to comply with the Court's order and additionally have failed to evidence compliance with Rule 4(m), Fed.R.Civ.P. In sum, the instant case has remained inactive since plaintiffs first asked the Court to attend to their request upon the filing of the complaint on December 30, 2003. The Court finds this conduct inexcusable. Plaintiffs must be reminded that "[p]rejudice to the court is inherent in needless delays and postponements." Chuang Invs. v. Eagle Inns, Inc., 81 F.3d 13, 14 (1st Cir. 1996). Consequently, this Court holds that

---

[1] "[D]ismissal either for failure to comply with discovery orders or lack of prosecution is a matter within the discretion of the district court and the claim of abuse of discretion [the court emphasizes] has not received a sympathetic ear from [the First Circuit]." Damiani v. Rhode Island Hospital, 704 F.2d 12, 17 (1st Cir. 1983).

**plaintiffs' failure to respond to the order issued a clear signal of lack of interest and, buttresses the Court's conclusion that dismissal of this case albeit without prejudice is appropriate**.

The Court finds plaintiffs have, as a matter of fact, tried to box twelve rounds in the rough ring of civil litigation, without ever responding to the referee's admonishments, assuming perhaps that the Court will forgive them and consequentially "throw in the towel" for them every time. The Court, however, has no "obligation to play nursemaid to indifferent parties." Pinto v. Universidad de Puerto Rico, 895 F.2d 18, 19 (1st Cir. 1990). **Plaintiffs have knocked themselves out** by failing to comply with the Court's order. The Court finds that not only have they failed to be **reasonably** diligent, they have **not been diligent at all**. Therefore, dismissal is firmly founded in this case in view of Plaintiffs' disregard of the Local Rules and their inexcusable behavior failing to show interest in prosecuting the instant claims.

Furthermore, the record shows that plaintiff's activity in the instant matter has been sparingly, if any. In other words, plaintiff has not only dragged its feet prosecuting the instant claim, but has stymied the progress of his own claim. Besides filing the complaint on December 30, 2003, there is no activity whatsoever initiated by plaintiff. **Therefore, almost two (2) years have elapsed between plaintiffs filing their case and the Court issuing the Order to Show Cause which plaintiffs have failed to heed. Therefore, there is no activity on record revealing any interest of plaintiffs to vindicate their claims.**

It is well known that the Court cannot sit idly waiting for plaintiff to litigate its case at its pleasure. Plaintiffs have shown a pattern of noncompliance with this Court's order in addition to show a lack of diligence prosecuting its claims. *See*, Damiani v. Rhode Island Hospital, 704 F.2d at 15-16. In sum, Plaintiffs have shown a lack of interest vindicating whatever rights they may have. Zavala Santiago v. Gonzalez Rivera, 553 F.2d 710, 713 (1st Cir. 1977).

Plaintiffs' complaint should be dismissed for its obvious failure to comply with the Court's order and for its failure to comply with Fed.R.Civ.P. 4(m) which provides, *inter alia,* that the Court "upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice ..." "The effective administration of justice requires that trial court possess the capability to manage their own affairs." Chamorro v. Puerto Rican Cars, 304 F.3d 1, 6 (1st Cir., 2002) *citing* Chambers v. NASCO, Inc., 501 U.S. at 43. "[T]he inherent power of trial courts to dismiss cases for want of prosecution or disregard of judicial orders is reinforced and augmented by Rule 41(b)." Chamorro v. Puerto Rican Cars, 304 F.3d at 4.

The Court has shown considerable patience in this case and has provided previous warnings, and a second chance which plaintiffs have disdained. Simply expressed, there is no reasonable excuse for plaintiffs' failure to comply with the Court's order and evidence compliance with the rules of practice. Finally, notwithstanding the leniency showed by the Court, plaintiffs have failed to react. There is no other sanction available for plaintiffs' own inactivity and its lack of interest in vindicating their rights. In the instant case there is no other lesser sanctions available and appropriate." Estate of Solis-Rivera v. United States, 993 F.2d at 2.

Therefore, for the reasons stated herein, the Court hereby **DISMISSES** all claims against all Defendants **WITH PREJUDICE** for Plaintiffs' failure to comply with the Court's clearly communicated order and for its failure to evidence compliance prosecute its claims diligently and as clearly authorized under Rule 4(m).

**Judgment shall be issued accordingly.**

**THIS CASE IS CLOSED FOR ALL STATISTICAL PURPOSES.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 13th day of October 2005.

                                                  S/DANIEL R. DOMINGUEZ
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**